UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
PETER LIEVANO,                                                :
                                  Plaintiff,                  :
                -against-                                     :    21 Civ. 3255 (LGS)
                                                              :
COINTELEGRAPH MEDIA USA INC.,                                 :    ORDER
                                                              :
                                  Defendant.                  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by the Default Judgment Order dated September 23, 2021, Plaintiff was granted judgment against Defendant, and Plaintiff's request for damages and costs was referred to Magistrate Judge Stewart D. Aaron for a post-default judgment inquest (Dkt. Nos. 27, 28);

WHEREAS, on November 2, 2021, Judge Aaron issued a Report and Recommendation (the "Report") recommending that Plaintiff be awarded: (1) $2,000.00 in actual damages under the Copyright Act; (2) $5,000.00 in statutory damages under the Digital Millennium Copyright Act; (3) $5,097.00 in attorney's fees and (4) $477.50 in costs (Dkt. No. 32);

WHEREAS, as stated in Judge Aaron's Report, the deadline for any objections was fourteen days from service of the Report;

WHEREAS, no objections were timely filed.

**Damages**

WHEREAS, in reviewing a Magistrate Judge's report and recommendation, a District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A District Judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). "[T]o invoke *de novo* review of the magistrate's recommendations . . . [a party's] objections must be specific and clearly

aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation strictly for clear error," *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020) (internal quotation marks omitted);

WHEREAS, the Court finds no clear error on the face of the record as to the recommendation of damages.

**Attorney's Fees and Costs**

WHEREAS, on October 4, 2021, Plaintiff filed a motion for attorney's fees and costs (Dkt. No. 30);

WHEREAS, Plaintiff's motion includes a typographical error in its request. In the body of the motion, Plaintiff "requests the Court to award costs and attorney's fees in the amount of $5,097.00, consisting of fees in the amount of $4,620.00 and costs in the amount of $477.00." (Dkt. No. 30 at 10.) However, in the motion's concluding paragraph, Plaintiff "requests the Court to enter final default judgment against Defendant CT Media in the amount of: . . . (3) full costs of $477.00, pursuant to 17 U.S.C §§ 505 and 1203; [and] (4) attorney's fees of $5,097.00, pursuant to 17 U.S.C § 1203" (*id.*);

WHEREAS, Plaintiff's declaration in support of his motion for attorney's fees and costs requests "$5,097.00, representing $4,620.00 in attorney's fees and $477.00 in costs" (Dkt. No. 30-5, ¶ 7) and Plaintiff's billing records support the same amounts (Dkt. No. 30-6 at 5-6);

WHEREAS, Plaintiff's motion for attorney's fees and costs is unopposed;

WHEREAS, Plaintiff, as the aggrieved and prevailing party, is permitted to recover reasonable attorney's fees and costs, 17 U.S.C. §§ 505 and 1203;

WHEREAS, this Court has reviewed Plaintiff's motion for attorney's fees and costs and finds (1) the number of hours billed reasonable and commensurate with the work performed; (2) the rates charged reasonable in comparison to the hourly rate normally charged for similar work by attorneys of like skill in the area and (3) the costs incurred reasonable.  It is hereby

**ORDERED and ADJUDGED** that the Report is ADOPTED in part and MODIFIED in part and Plaintiff's request for attorney's fees and costs is GRANTED.  Plaintiff is awarded (1) $2,000.00 in actual damages under the Copyright Act; (2) $5,000.00 in statutory damages under the Digital Millennium Copyright Act and (3) attorney's fees and costs in the amount of $4,620.00 and $477.00 respectively, for a total award of $12,097.00.  If delinquent, Defendant shall pay post-judgment interest pursuant to 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to close the case.

Dated: January 12, 2022
       New York, New York

                                                         **LORNA G. SCHOFIELD**
                                                         **UNITED STATES DISTRICT JUDGE**